**PARKLAND PLACE COMPANY,**
Plaintiff,

v.

**UNITED STATES of America,**
Defendant.

Civ. A. No. CA–5–63–31.

United States District Court
N. D. Texas,
Lubbock Division.

Oct. 19, 1964.

Edward R. Smith, Smith & Baker, Lubbock, Tex., for plaintiff.

Robert L. Waters, Tax Div., Dept. of Justice, Fort Worth, Tex., for defendant.

DOOLEY, District Judge.

This cause came on regularly for trial in Lubbock, Texas, on April 22, 1964. The Court, having considered all of the evidence herein, including the stipulated facts and testimony, together with written briefs of the parties, makes and enters the following findings of fact and conclusions of law:

*Findings of Fact*

1. Parkland Place Company, the taxpayer, was incorporated under charter dated October 25, 1955, and was organized on October 28, 1955. Cash was soon thereafter paid in the amount of $50,000 for 500 shares of $100 par value stock, which shares were issued as follows: J. D. Leftwich, 250 shares; F. O. Bennett, 125 shares; W. S. Moss, 125 shares.

2. The taxpayer's books and records are kept on the accrual basis of accounting for its fiscal years ending September 30 of each year.

3. On November 1, 1955, the taxpayer purchased from Elmer V. East a tract of land consisting of 168.67 acres, more or less, near Muleshoe, Texas, for the total sum of $205,600.53 paying $4,104.-

95 cash and assuming a note thereon to Republic National Bank of Dallas, with an unpaid principal balance of $200,000 and accrued interest of $1,495.58. The note was dated August 1, 1955, was due December 10, 1955, bore interest at 3% per annum, and had an original principal balance of $435,000. The purpose of this acquisition was to start a subdivision near the town of Muleshoe.

4. On or about December 2, 1955, the taxpayer paid off the Republic National Bank note with funds derived as follows: $43,000 plus all accrued interest was paid by the corporation out of its original contributed capital; the balance of $157,000 was financed through a new loan obtained from Lubbock National Bank in such amount.

5. On June 2, 1956, interest on the $157,000 note to Lubbock National Bank was paid by U-Bar Ranch (a partnership then composed of J. D. Leftwich, W. S. Moss and F. O. Bennett), and a new 3½% demand note dated June 2, 1956, was executed by the taxpayer. Such note did not bear the endorsement of the taxpayer's stockholders. Similar action occurred on December 3, 1956, and the last note was paid off, together with interest thereon, by U-Bar Ranch on January 21, 1957.

6. The taxpayer executed and delivered to U-Bar Ranch its note dated January 22, 1957, in the amount of $163,543.-03 as consideration for the payment by U-Bar ranch of the following obligations of taxpayer:

| | |
|---|---:|
| (1) Note to Lubbock National Bank | $157,000.00 |
| (2) Interest on Lubbock National Bank note 12–2–55 to 6–2–56 | 2,808.78 |
| (3) Interest on Lubbock National Bank note 6–2–56 to 12–2–56 | 2,808.78 |
| (4) Interest on Lubbock National Bank note 12–2–56 to 1–21–57 | 737.87 |
| (5) Franchise Tax on 12–13–56 | 57.95 |
| (6) Office supplies on 1–10–57 | 17.15 |
| (7) Franchise Tax on 1–10–57 | 112.50 |
| | $163,543.03 |

No mortgage was given to U-Bar Ranch to secure the payment of the $163,543.03 note.

7. On April 22, 1957, W. S. Moss, J. D. Leftwich and F. O. Bennett executed and delivered to the taxpayer a warranty deed to 93.14 acres of land known as the Richland Hills Addition to the City of Muleshoe, Texas. On that same date, as consideration for the warranty deed, the taxpayer executed and delivered to W. S. Moss and J. D. Leftwich a note for $150,-000 payable on or before ten years from date thereof. The purpose of this transfer was to provide an additional inventory of subdivision lots for resale by the taxpayer. Acquisition by the taxpayer

of the Richland Hills Addition tract was caused largely by a decision of the school authorities of the town of Muleshoe to build a school in that immediate vicinity.

8. F. O. Bennett's interest in U-Bar Ranch and in the taxpayer corporation was terminated on April 22, 1957, and he joined in both the warranty deed and note for purposes of clarity of land title records, but he was intended to have no legal or equitable interest in the note after April 22, 1957.

9. On the transfer of Richland Hills Addition to the taxpayer, J. D. Leftwich and W. S. Moss received no consideration other than the $150,000 note.

10. The $150,000 note described above given by the taxpayer for the 93.14 acres of land known as the Richland Hills Addition to the City of Muleshoe has always been reflected as a liability on the balance sheets of the taxpayer.

11. Improvement of the 93.14 acre tract (Richland Hills Addition), including principally water and sewer facilities and paving, commenced during the taxpayer's fiscal year 1958 or the latter months of fiscal year 1957, and the first invoices payable for improvements were received and paid or financed by or on behalf of the taxpayer early in fiscal year 1958. The Taxpayer financed improvements through paving liens, U-Bar Ranch loans, short term bank loans and sales of lots.

12. Interest on the $150,000 note, including interest on interest at the rate of 6% per annum, has accrued as follows: fiscal year 1957, $1,997.25; fiscal year 1958, $4,619.84; fiscal year 1959, $4,889.85; fiscal year 1960, $5,159.84. None of such interest has ever been deducted by the taxpayer as an expense on its income tax returns.

13. The taxpayer incurred interest expense for fiscal years 1956 and 1957 on the $157,000 note to Lubbock National Bank. On its returns for those years, the taxpayer did not claim a deduction for such expenses, but added them to the balance sheet inventory of lots. The income tax returns filed for those years by the taxpayers showed that interest on this note was being capitalized as a part of the cost of land.

14. The only interest incurred on the Richland Hills Addition tract in fiscal year 1957 was that which accrued on the note payable to Messrs. Moss and Leftwich. None of the interest on such note was claimed or permitted as a deduction for any of such years and has not, prior to the initiation of the claims involved in this case, been added to the basis of the underlying lots for the purpose of determining gain on the sale thereof. No interest was accrued by the taxpayer prior to fiscal year 1958 on any indebtedness incurred to finance improvements to

any land held by the taxpayer. Interest attributable to the financing of improvements to the Richland Hills Addition tract first accrued in fiscal year 1958. No interest was claimed or allowed as a deduction on the taxpayer's fiscal year 1958 income tax return.

15. No interest was paid by the taxpayer to Messrs. Moss and Leftwich, or either of them, on the $150,000 note during either of the fiscal years 1957, 1958, 1959 or 1960. Both J. D. Leftwich and W. S. Moss have been on the cash basis of accounting for income tax purposes for all years up to and including the taxpayer's fiscal year 1960, and through that period of time neither of them had reported as income any interest accrued on the $150,000 note.

16. From the time of its incorporation in October 1955, through the end of its fiscal year September 30, 1960, the taxpayer's cash on hand or in the bank fluctuated between zero and $4,-828.34.

17. It was anticipated by the interested parties that the $150,000 note would be paid by the taxpayer with funds generated from the sale of lots in the Richland Hills Addition. At no time up to and including the close of the taxpayer's fiscal year 1960 were funds available from which the note could be paid.

18. Other than the sale of subdivision lots, the taxpayer engaged in no income-producing activities.

19. Payments of interest on the $150,000 note held by Leftwich and Moss were postponed in order that other creditors of the taxpayer could be paid, and this action accorded with their original plans in developing land through the taxpayer corporation.

20. Payments on principal and interest of the $150,000 note were dependent upon the success of the venture undertaken by the taxpayer.

21. No payments of interest or principal were made on the $150,000 note during the first four years after issuance. The first interest payment, in the amount of $4,500.00 was made on December 6,

1962, and the first payment on principal, in the amount of $1,000, was made on October 30, 1963, after the commencement of this action.

22. In comparison with the taxpayer's total outstanding indebtedness, its operating funds, fluctuating at sums of less than $5,000 during its first four fiscal years, were minimal, with funds necessary for development of the land held by taxpayer having to be obtained by additional use of credit.

23. The development of the 168.67 acre tract was deferred because, as events occurred, it appeared that the adjoining 93.14 acre tract might be more desirable for immediate subdivision and sale.

24. The 168.67 acre tract has at all times continued to be a valuable tract, actually having increased in value. The development of such tract has all along been expected to ultimately yield substantial profits. Its development has been withheld because taxpayer did not want to compete with the sale of its own lots in the 93.14 acre tract, nor commence paying ad valorem taxes on an excess quantity of land platted for subdivision.

### Conclusions of Law

1. The Court has jurisdiction of the parties to this action and the subject matter thereof.

2. The $150,000 note received by J. D. Leftwich and W. S. Moss from the taxpayer, Parkland Place Company, is a security within the meaning of Section 351, Internal Revenue Code of 1954, and the said note was received solely in exchange for property transferred by Leftwich and Moss to the taxpayer.

3. J. D. Leftwich and W. S. Moss were in control of the taxpayer within the meaning of Section 368(c), Internal Revenue Code of 1954, immedi-ately after their transfer of Richland Hills Addition to the taxpayer.

4. The taxpayer's basis in the 93.14 acres of land known as Richland Hills Addition, as of the date immediately subsequent to its acquisition from J. D. Leftwich and W. S. Moss, was the same as was the basis of Leftwich and Moss in that property.

5. The taxpayer is not entitled to deduct the interest incurred by it in 1956 and 1957 on the $157,000 note from Lubbock National Bank concerning the tract of land purchased from Elmer V. East, since the taxpayer elected to capitalize that interest within the meaning of Section 266, Internal Revenue Code of 1954, as carrying charges respecting that land.

6. Interest accrued on the $150,000 note to J. D. Leftwich and W. S. Moss during the taxpayer's fiscal years 1957, 1958, 1959 and 1960, was not a deductible expense of the taxpayer, since a deduction therefor was prohibited each year by Section 267(a), Internal Revenue Code of 1954. Such interest, therefore, could not be capitalized as carrying charges within the meaning of Section 266, Internal Revenue Code of 1954, since Treasury Regulations, Section 1,266–1(b) (2) requires an expense to be otherwise deductible before it may be capitalized under the authority of Section 266 of the Code.

7. In the alternative, the taxpayer made no election in its returns for the fiscal years 1957, 1958, 1959 and 1960 to capitalize the interest accruing on the $150,000 note to Leftwich and Moss, and a taxpayer may not first make such an election under Section 266 in a claim for refund after the tax returns have been previously filed.

8. Judgment will be entered dismissing the taxpayer's complaint and action with prejudice.