**PARKLAND PLACE COMPANY,**
Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 22145.

United States Court of Appeals
Fifth Circuit.

Jan. 7, 1966.

Edward R. Smith, Smith & Baker, Lubbock, Tex., for appellant.

Howard Feldman, Atty., Dept. of Justice, Washington, D. C., John B. Jones, Jr., Acting Asst. Atty. Gen., Lee A. Jackson, David O. Walter, Attys., Dept. of Justice, Washington, D. C., Barefoot Sanders, U. S. Atty., Dallas, Tex., for

appellee, Melvin M. Diggs, U. S. Atty., of counsel.

Before HUTCHESON and BROWN, Circuit Judges, and DYER, District Judge.

PER CURIAM:

■■ This is an appeal from a judgment denying appellant Parkland Place Company recovery of federal income taxes paid for its fiscal years ended September 30, 1958, and September 30, 1959. The issues presented are two: whether the transaction whereby Parkland acquired certain property from its stockholders is within the nonrecognition provisions of Internal Revenue Code of 1954 Section 351; and whether Parkland is entitled under Internal Revenue Code of 1954 Section 266 to capitalize interest charges accrued but not actually paid on an obligation given by it to its stockholders in exchange for property in determining the basis of such property.

The relevant facts may be summarized as follows: Parkland was incorporated under charter dated October 25, 1955, and organized on October 28, 1955. At that time cash in the amount of $50,000 was paid into the corporation in return for its stock. Almost immediately Parkland used this cash as part of the purchase price of a 168.67 acre tract acquired to start a subdivision. Development of the 168 acre tract was postponed temporarily. On April 22, 1957, the stockholders conveyed to Parkland a 93.14 acre tract also to be used for a subdivision; as consideration Parkland executed and delivered to its stockholders a note for $150,000 payable on or before ten years from the date thereof. Development of this tract began shortly after acquisition. The $150,000 note has always been reflected as a liability on Parkland's balance sheet. Parkland has not, however, paid the interest charges accrued on this note, nor has it deducted the accrued interest charges as an expense on its income tax returns. No election was made on its returns to capitalize the interest charges.

On its income tax returns for the years in question Parkland used the fair market value at the time of transfer—i. e., $150,000—as the basis for the 93 acre tract for purposes of computing gain on sales of subdivided lots in this tract. To this basis was added the accrued interest charges on the $150,000 note as a capitalized expense. Relying on Internal Revenue Code of 1954 Section 351 [1] the Commissioner reduced the basis of the 93 acre tract to an amount equal to the basis in the hands of the transferor-

1. Int.Rev.Code of 1954 Section 351, in conjunction with Section 362, provides for non-recognition of gain or loss upon transfer and the carry-over of the transferor's basis to the transferee. These sections read in pertinent part:

[Section 351] (a) *General Rule.*

No gain or loss shall be recognized if property is transferred to a corporation by one or more persons solely in exchange for stock or securities in such corporation and immediately after the exchange such person or persons are in control (as defined in section 368(c) of the corporation. * * *

[Section 362] (a) *Property acquired by issuance of stock or as paid-in surplus.*

If property was acquired * * * by a corporation—

(1) in connection with a transaction to which section 351 * * * applies,

* * * then the basis shall be the same as it would be in the hands of the transferor * * *.

2. The Commissioner disallowed capitalization of the interest charges because such charges were not otherwise deductible and, in the alternative, because Parkland had not elected to capitalize this expense on its annual tax returns, both of which are required. Internal Revenue Code of 1954, Section 266 reads:

No deduction shall be allowed for amounts paid or accrued for such taxes and carrying charges as, under regulations prescribed by the Secretary or his delegate, are chargeable to capital account with respect to property, if the taxpayer elects, in accordance with such regulations, to treat such taxes or charges as so chargeable.

Pursuant to the express direction of Section 266 the Commissioner has issued

stockholders and increased Parkland's income accordingly. Capitalization of interest charges under Section 266 was denied.[2] Parkland's refund claim for the increased taxes resulting from the Commissioner's adjustments is the basis of this suit.

The district court in its well reasoned opinion[3] sustained the Commissioner in toto. With regard to the Section 351 issue, the court found that the $150,000 note is a "security"; that this note was exchanged for property transferred to Parkland; and that the transferor-stockholders were in control of Parkland immediately after the exchange. Since all the requirements of Section 351 were satisfied, the court ruled that there was no recognition of gain or loss on the transaction and that Parkland's basis in the transferred property is the same as the basis of the transferor-stockholders. With regard to the Section 266 issue, the court held that since the interest charges accrued on the $150,000 note were not otherwise deductible, and since Parkland had made no election to capitalize such charges on the appropriate income tax returns, Parkland was not entitled to capitalize these charges. The district court adequately stated and properly decided the issues presented in this suit. We agree with the opinion and judgment of the district court and adopt this opinion as our own. Without saying more, and thereby unduly lengthening the opinion, we order the judgment affirmed.

Treas.Reg. Section 1.266–1, stating in part:

\* \* \* \* \*

(b) *Taxes and carrying charges.* \* \* \* (2) The sole effect of section 266 is to permit the items enumerated in subparagraph (1) of this paragraph to be chargeable to the capital account notwithstanding that such items are otherwise expressly deductible under the provisions of subtitle A of the Code. An item not otherwise deductible may not be capitalized under section 266.

(3) \* \* \* [A]n item not otherwise deductible is not deductible by this section. \* \* \*

(c) *Election to charge taxes and carrying charges to capital account.* \* \* \* (3) If the taxpayer elects to capitalize an item or items under this section, such election shall be exercised by filing with the original return for the year for which the election is made a statement indicating the item or items \* \* \* which the taxpayer elects to treat as chargeable to capital account.

\* \* \* \* \*

Section 267 renders the interest charges accrued but not actually paid on the $150,000 note "not otherwise deductible" in the present case.

3. Reported at 248 F.Supp. 974 (N.D.Tex. 1964).